IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 C 0007 |
| v. | ) | No. 14 C 0028 |
| | ) | |
| COOK COUNTY JAIL, et al., | ) | Magistrate Judge Sidney I. Schenkier |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER[1]

*Pro se* plaintiff Christopher Johnson contends that in April 2013, while he was detained in the Cook County Jail ("CCJ"), four CCJ correctional officers used excessive force against him in two separate incidents, in violation of his 1st, 5th, and 14th Amendment rights (docs. ## 26, 28, Def.'s Local Rule 56.1 Statements of Material Facts and Supp. Ex. (DSOF ¶ 1, 5).[2] Mr. Johnson filed a grievance regarding the alleged incidents on May 29, 2013, and received a response on June 6, 2013 informing him that the grievances had been forwarded to the Office of Professional Review ("OPR") (*Id.* ¶¶ 6, 8). He subsequently filed the instant lawsuits against the correctional officers (collectively, "Defendants") pursuant to 42 U.S.C. § 1983. The defendants move for summary judgment in both matters on the ground that Mr. Johnson has failed to

---

[1] On June 10, 2014, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the cases were assigned to this Court for all proceedings, including entry of final judgment (doc. #15).

[2] The plaintiff filed two nearly identical lawsuits, each making allegations against Cook County Jail, Sheriff Tom Dart, Sheriff Carter, Superintendent Reyes and two of the four CCJ correctional officers. Case number 14 C 0007 relates to correctional officers Soto and Strong, while case number 14 C 0028 relates to correctional officers Carroll and Reyes (who is a separate individual from Superintendent Reyes). Prior to reassignment on consent, the district court subsequently terminated proceedings against all defendants except for the four correctional officers. We have consolidated the pleadings in both cases for the purposes of this Memorandum Opinion and Order.

exhaust his administrative remedies (14 C 0007, doc. # 25; 14 C 0028, doc. # 27). For the following reasons, we grant the defendants' motion.

I.

Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. There is a genuine dispute of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242 (1986). The moving party must cite to specific facts in affidavits or the record supporting summary judgment; general assertions of facts are not sufficient. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *cited in Bluestein v. Central Wisconsin Anesthesiology*, 769, F.3d 744, fn. 1 (7th Cir. 2014). Likewise, the party opposing summary judgment must go beyond the pleadings and identify specific evidence showing that there is a genuine issue for trial; "conclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." *Majors v. General Elec. Co.*, 714 F.3d 527, 540 (7th Cir. 2013).

Defendants have filed a statement of material facts in support of their motion for summary judgment in compliance with Local Rule 56.1(a)(3) (14 C 0007, doc. # 26, 14 C 0028, doc. # 28, collectively, "DSOF"). Defendants have also filed the required Local Rule 56.2 Notice to *Pro Se* Litigant Opposing Summary Judgment, informing Mr. Johnson of the Local Rule 56.1 requirements for his response: that Johnson must explain any disagreements he has with the defendants' statement of facts, that Johnson must explain how his documents or declarations support his version of the facts, and that his response must include copies of these documents or declarations (14 C 0007, doc. # 28 and 14 C 0028, doc. # 30).

2

Mr. Johnson has filed a response to the DSOF which complied with the numbered paragraph requirement of Local Rule 56.1 (14 C 0007, doc. # 31, 14 C 0028, doc. # 34, collectively, "Pl. Resp. to DSOF"); however, many of Mr. Johnson's responses do not identify evidentiary support in the record, include legal arguments, or inappropriately introduce new facts, in violation of Local Rule 56.1(b)(3).[3] Without support for a denial of the facts in the DSOF, Local Rule 56.1(b)(3) states that the moving party's material facts shall be deemed admitted. Further, Mr. Johnson did not file a separate statement of additional facts in support of the denial of summary judgment as required by Local Rule 56.1(b); instead, to the extent he added additional facts of his own, he included them as part of his numbered denials to the DSOF.

Motions for summary judgment involving *pro se* litigants are construed liberally for the benefit of the unrepresented party, so as to ensure that otherwise understandable filings are not disregarded if the *pro se* litigant "stumbles on a technicality." *Greer v. Bd. of Educ. of City of Chicago, Ill.*, 267 F.3d 723, 727 (7th Cir. 2001). That said, "pro se litigants are not entitled to a general dispensation from the rules of procedure." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). In order to fairly balance these principles, we will not bar consideration of Mr. Johnson's additional undisputed facts merely because he did not strictly adhere to the requirement that he file such facts in a separate statement. We will, however, evaluate whether such statements are

---

[3]For example, paragraph 17 disagrees with defendants' characterization of OPR's role in the grievance process, but only cites to Mr. Johnson's grievance form itself, not to any part of the record that supports Mr. Johnson's characterization of OPR's role or that contradicts the defendants' allegation (Pl. Resp. to DSOF ¶ 17). At best, Mr. Johnson's response supports his contention that he was unaware of OPR's role, but it does not contradict what the defendants claim OPR's role actually is. Defendants support their assertion by citing to the inmate handbook, which Johnson does not contradict with support. (DSOF ¶ 17).

Furthermore, several of Mr. Johnson's responses to defendants' factual allegations are conclusions offered with no factual support. Paragraphs eight and ten collectively assert that Mr. Johnson had no more remedies available to him once his grievance was forwarded to OPR (Pl.'s Resp. to DSOF ¶¶ 8, 10), but Mr. Johnson cites to no evidence to support that assertion.

supported by sufficient evidence using the same standards as for any other motion for summary judgment.

## II.

Taking into consideration the above standards for analyzing a motion for summary judgment against a *pro se* plaintiff and making all inferences in the light most favorable to Mr. Johnson, the following facts are undisputed unless otherwise noted. "When we cite as undisputed a statement of fact that a party has attempted to dispute, it reflects our determination that the evidence cited in the response does not show that the fact is in genuine dispute." *King v. Chapman*, 09 C 1184, 2013 WL 6709623, at *3 (N.D. Ill. Dec. 16, 2013). "We review only those facts whose substance would be admissible at trial under a form permitted by the Federal Rules of Evidence, although the form produced at summary judgment need not be admissible." *Wragg v. Vill. of Thornton*, 604 F.3d 464, 466 (7th Cir. 2010).

In April 2013, while he was a pretrial detainee at the CCJ, Mr. Johnson was involved in two instances of alleged excessive force with CCJ staff (DSOF ¶¶ 1, 5). In May 2013 he filed a single grievance related to both incidents, which was given control number 2013x1752 (*Id.* ¶¶ 6, 7). Mr. Johnson received a paper response – titled "Inmate Grievance Response/Appeal Form" – to his grievance on June 6, 2013 which read, in part, "OPR – your claim has been directed to OPR for review or investigation (*Id.* ¶ 8).[4] Mr. Johnson signed the response when he received it (*Id.* ¶9). Directly below the space where Mr. Johnson signed his name, the form contains instructions for appealing the response (*Id.* ¶ 14). These instructions state that, "to exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received

---

[4]OPR was formally known as "Internal Affairs" or IAD (DSOF ¶ 17).

the response," and then there is room for an inmate to write in the date of his or her appeal and set forth the basis for the appeal (*Id.*).

CCJ has an established grievance procedure which requires all detainees to file an appeal in order to properly exhaust administrative remedies prior to filing a lawsuit (DSOF ¶¶ 12, 13). The grievance procedure was available to all detainees, including Mr. Johnson, in 2013 (*Id.*). As stated on the response form, a detainee is required to appeal the response to a grievance within 14 days in order to exhaust his administrative remedies (*Id.*). Mr. Johnson admitted at his deposition that he is familiar with the CCJ grievance procedure (*Id.* ¶ 15).[5] He was never told by anyone at CCJ that a grievance that was referred to OPR did not have to be appealed (*Id.* ¶ 18). Participation in an OPR investigation, or having a grievance forwarded to OPR does not satisfy the exhaustion requirement under the CCJ grievance procedure (*Id.* ¶ 17). Specifically, the Cook County Jail Inmate Handbook states that if a grievance is forwarded to OPR, "[t]he OPR investigation shall have no bearing on, and shall be separate and distinct from, the inmate grievance process." (*Id.*).[6]

Mr. Johnson was dissatisfied that his grievance was referred to OPR (DSOF ¶ 10). However, he did not file an appeal of that referral, as the form allowed him to do if he wished (DSOF ¶ 11). Instead, Mr. Johnson filed the instant lawsuits (DSOF ¶ 19). At the time of filing, Mr. Johnson was incarcerated at the Cook County Department of Correction (DSOF ¶ 4).

---

[5] In Mr. Johnson's Response to the DSOF, he disputes the defendants' allegation of his familiarity with the CCJ grievance procedures by claiming that his familiarity with these procedures is limited. However, this statement is in direct contradiction to his deposition testimony, in which he agreed that he was familiar with how to appeal a grievance (Pl.'s Resp. to DSOF ¶ 15, DSOF Ex. 1, Plaintiff's deposition pg. 66). We will not allow Mr. Johnson to contradict in his summary judgment papers his sworn deposition testimony. *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 592 (7th Cir.2007).

[6] Although Mr. Johnson claimed during his deposition that he did not receive a copy of the handbook during his intake process at CCJ, he signed a document acknowledging that he was given a copy of the inmate handbook upon arrival at CCJ (DSOF Ex. 1, Plaintiff's deposition pp. 15-16).

## III.

The Prison Litigation Reform Act requires a plaintiff such as Mr. Johnson to exhaust his administrative remedies as a prerequisite to filing a federal lawsuit. It states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2012). The burden is on the defendant to demonstrate that the prisoner has not exhausted his or her remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

The Seventh Circuit has "taken a strict compliance approach to exhaustion[,]" meaning that the prisoner must properly use the prison's grievance system, or risk having prison administration refuse to hear his or her claim, resulting in the grievance never being exhausted. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (*cited cases omitted*). Further, as long as the prison authority has power to take *some* action in response to the grievance, even if it is not the action requested by the plaintiff, the grievance is not exhausted. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Larkin v. Galloway*, 266 F.3d 718, 723 (7th Cir.2001) (inmate must exhaust prison remedies if the administrative body (1) was empowered to consider the complaint and (2) could take some action in response to it).

Here, the undisputed evidence shows that Mr. Johnson failed to properly exhaust his administrative remedies before filing his lawsuits. Shortly after Mr. Johnson filed his grievance, he received a response on a formal "Inmate Grievance Response/Appeal Form." The response Mr. Johnson received was that his grievance had been forwarded to the OPR. Mr. Johnson testified at his deposition that he was not satisfied with the referral to OPR, yet, he signed the grievance and did not take any further steps with respect to it. In particular, he did not file an

appeal within 14 days as directed on the form – right below the line for his signature. The inmate appeal requirement is absolute. If an inmate is dissatisfied with the response on the grievance response/appeal form, he or she must appeal the response within 14 days. Mr. Johnson was unhappy with the response that his grievance was being referred to OPR, therefore, he should have appealed the response within 14 days. He did not, and thus, he did not exhaust his administrative remedies.

In his Response to Def. Mot. for Summary Judgment (14 C 0007, doc. # 32, 14 C 0028, doc. # 34), Mr. Johnson argues that once his grievance was forwarded to OPR, he had exhausted his administrative remedies. This is incorrect; as made plain in the Inmate Handbook, the OPR procedure was separate and distinct from the inmate grievance procedure. Indeed, the Seventh Circuit has held that participating in a prison internal affairs investigation is not the same as – and thus not a substitute for – following the prison's grievance process to exhaust administrative remedies. *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). "An internal-affairs investigation may lead to disciplinary proceedings targeting the wayward employee but ordinarily does not offer a remedy to the prisoner who was on the receiving end of the employee's malfeasance." *Id.* (citations omitted).

If Mr. Johnson was displeased with the referral to internal affairs, the proper remedy was to appeal that decision. Exhaustion requires the prisoner to "give[] the process a chance to work," and "[t]he review process [does] not end when [the plaintiff's] grievance [is] forwarded to [i]nternal [a]ffairs." *Worthem v. Boyle*, 404 F. App'x 45, 46 (7th Cir. 2010). By filing his lawsuit prior to his appeal, the plaintiff failed to exhaust his administrative remedies.

Mr. Johnson also asserts that he was unaware that he needed to appeal the grievance decision to exhaust his remedies because an appeal requirement conflicts with the fact that his

7

claim was still under review by OPR (Pl.'s Resp. to DSOF. ¶ 14). However, if there is no affirmative misconduct by the jail concealing the grievance procedure, then "[a] prisoner's lack of awareness of a grievance procedure . . . does not excuse compliance." *Twitty v. McCoskey*, 226 F. App'x 594, 596 (7th Cir. 2007). Here, Mr. Johnson claims in his papers that his familiarity with the grievance procedure was limited, but he points to no evidence contradicting his deposition in which he admits that he is familiar with how to exhaust a grievance, which was communicated to him through the grievance form and the inmate handbook. Mr. Johnson points to nothing the defendants did to hide the ball about his ability to appeal to referral to OPR. If Mr. Johnson did not understand the grievance procedure despite these communications, such a lack of awareness does not excuse his failure to either question the process or follow the proper grievance procedure to exhaust administrative remedies.

Finally, Mr. Johnson complains that a requirement that he exhaust by appealing the referral to OPR would require him to appeal before he knew the results of that OPR investigation. (Pl.'s SOF Resp. ¶ 14, 17). But, Mr. Johnson can get no mileage from this argument. Regardless of whether Mr. Johnson might eventually be satisfied with the results of the OPR investigation, that investigation is neither a substitute for, nor does it toll, the requirement that he appeal the response to his grievance within 14 days.[7]

The response which required appeal within 14 days was the one listed on the inmate grievance response/appeal form – the referral of the case to OPR. Mr. Johnson did not appeal the

---

[7] We are aware that in *Crayton v. Graffeo*, 10 F. Supp. 3d 888, 895 (N.D. Ill. 2014), a case with similar facts to this one, the court hypothesized – without holding – that perhaps a plaintiff who did not timely appeal a referral to OPR could later file such an appeal (or even a federal lawsuit), after the OPR investigation was concluded. *Id.*, at 895–96. However, we conclude that this approach would run counter to the well-settled law that referral to OPR is itself a decision that, if unsatisfactory to the plaintiff, must be timely appealed.

response to his grievance within 14 days and therefore, he did not properly exhaust his administrative remedies prior to filing suit in federal court.

## CONCLUSION

For the reasons stated above, the defendants' motion for summary judgment is granted because the plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. 1997e(a).

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

**DATE: May 6, 2015**